JANE C. LANGLEY *vs.* BOSTON AND MAINE RAILROAD

A railroad corporation incorporated by law in this state is not exempted from liability for the loss of goods delivered to it to be carried over part of its road to the state line, by having previously leased that part of its road to a corporation established by law in an adjoining state, whose road connects with it at the state line.

ACTION OF CONTRACT against the defendants as common carriers, to recover the value of goods delivered to them to be forwarded to Bethel, Vermont, and destroyed by fire in their station at Lawrence in this county.

At the trial in the court of common pleas it appeared that the defendants were the owners of the Methuen Branch Railroad, connecting with their main road and extending thence northwardly to the line between the states of Massachusetts and New Hampshire, where it connected with the road of the Manchester and Lawrence Railroad Corporation, established under the laws of New Hampshire; that the defendants had never carried on said Methuen Branch, but had leased it to the Manchester and Lawrence Railroad Corporation, who had advertised it as part of their road; and that the freight business at Lawrence was in charge of a freight master and assistants appointed and paid by the defendants, but the chief of whom kept in separate books an account of all freight received to go north, and made his returns thereof monthly directly to the Manchester and Lawrence Railroad Corporation.

The defendants contended that, under the provisions of the lease, they were merely acting, in receiving these goods, as the agents of the Manchester and Lawrence Railroad Corporation, and were not liable in this action as common carriers. But *Mellen*, C. J. ruled that they were so liable; to which ruling, after verdict for the plaintiff, the defendants alleged exceptions.

*C. P. Judd*, for the defendants.

*R. Cross & O. P. Lord*, for the plaintiff.

BY THE COURT. The defendants could not, by any contract with a corporation established solely by the laws of another

state, exempt themselves from their liability for goods deliv-
ered to them to be carried over a road constructed and owned
by them under a charter from the legislature of this common-
wealth. To allow this to be done would be to authorize them
by their own act to divest themselves of the duties and liabili-
ties imposed upon them by law, and the performance of which
was the consideration upon which their charter was granted,
and which thus entered into their contract with the Common-
wealth.

This case does not come within the *St.* of 1838, *c.* 99, § 1,
because one of the two corporations, by whom the contract
relied on by the defendants was made, was not established by
concurrent acts of the legislatures of New Hampshire and of
this state. But even if it had fallen under that statute, the de-
fendants would not have been exempt from liability ; for § 3 of
that statute expressly provides that notwithstanding any such
contract " the corporation owning the railroad shall be liable for
all damage done, or injury sustained, on their road, or in the use
of the same, in the same manner, and to the same extent, as
they would be liable if they performed the transportation them-
selves." This reservation clearly includes injuries to persons
and property. *Exceptions overruled.*